In Re: Return of the Lawrence County Tax Claim Bureau for the Sale of Properties Held in the Year 1977 for Delinquent Taxes.

Abdul Mansour, Appellant.

Argued May 4, 1981, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Thomas M. Piccione, Shumaker, Shumaker & Piccione,* for appellant.

*Chris J. Mitsos,* with him *Robert D. George, Mansell, McKee, Mitsos & Flannery,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., July 6, 1981:

Appellant bought a property at a tax sale, properly conducted by the Lawrence County Tax Claim Bureau (Bureau), according to the procedures mandated by the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.101 *et seq.* After the sale, but prior to its confirmation by the Common Pleas Court, appellee tendered all her accrued taxes and costs to the county, as an exercise of her alleged redemption rights. The Bureau refused the funds, filed a Return of Sale with the Court, and thereafter obtained confirmation of the sale.

Appellee filed exceptions to that decree, but both the exceptant and the Bureau joined in a motion to have the court preliminarily decide only one of the issues raised by the exceptions: whether the property owner has a right of redemption under the Law until confirmation absolute of the tax sale by the Court. The Court interpreted the pertinent provisions of the Law as allowing that right. We cannot agree.

The resolution of this issue lies in the definition of the word "sale" as used in the Law, since Section 501(c), 72 P.S. §5860.501(c), states that "there shall be no right of redemption of any property after the sale thereof." Guiding our analysis of the Law are the provisions of Section 3 of the Statutory Construction Act of 1972, 1 Pa. C. S. 1922, which instruct us to construe statutes in such a fashion that their terms are neither absurd nor uncertain. To accomplish this we must first hold that the word "sale" as used in the Law, means the same thing, and refers to the same event, throughout its provisions. The word is undefined within the body of the Law.

Turning then to various sections of the Law itself, this Court notes that the Bureau is directed to give notice of, *inter alia,* the time, place, and terms of the "sale,"[1] that if the vendee does not pay the entire amount of the bid at the sale, the said "sale" shall be voided, and the property shall be put up again at the same "sale,"[2] and that the Bureau shall make a consolidated return to the court, for the purpose of confirmation nisi, after the "sale" has been held.[3]

If this Court were to accept appellee's argument that the word "sale," as used in the Law, means a sale confirmed absolutely by the Court after the Return of Sale, then the Bureau would not be required to give notice of the time and place of the actual bidding on the properties, the bidders would not have to pay until their purchases were confirmed by the Court, and the Bureau would have to make a return to the Court of an event that had not yet occurred, since the "sale" would not occur until after the Return of Sale to Court. Appellee's argument leads to an absurd and uncertain construction of the statute.

The only possible interpretation of the word "sale" in the Law, within the bounds of logic, is that it refers to the actual auction of the properties, at which bidding occurs, and at which the properties are struck down to the highest bidder. Under the wording of Section 501(c), the right of redemption is no longer exercisable after that event.

## ORDER

AND Now, the 6th day of July, 1981, the order of the Court of Common Pleas of Lawrence County, dated July 30, 1979, docketed to No. 5-A of 1978, is hereby reversed.

---

[1] 72 P.S. §5860.602.

[2] 72 P.S. §5860.606.

[3] 72 P.S. §5860.607.