In Re: Petitioner, By-Pass, Inc. Objections and Exceptions to the Consolidated Tax Sale Return Held November 14, 1979.

By-Pass, Inc., Appellant.

Argued March 5, 1982, before President Judge CRUMLISH and Judges BLATT and DOYLE, sitting as a panel of three.

■■■■■■■

*Thomas M. Holmes,* with him *Francis P. Eagen,* for appellant.

*Robert H. Sayers,* for appellee.

OPINION BY JUDGE DOYLE, May 26, 1982:

This is an appeal from an order of the Lackawanna County Court of Common Pleas which denied a petition to set aside the tax sale of appellant's premises. The Court of Common Pleas found that appellant had failed to satisfy the requirements necessary to stay the sale pursuant to Section 603 of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.603. In pertinent part, Section 603 requires that an owner enter into a written agreement with the Tax Claim Bureau, wherein the owner agrees to pay the balance of claims and judgments within one year. In the absence of such agreement, the Court of Common Pleas properly denied Appellant's petition to set aside the tax sale.

After a thorough review of the briefs and records in this matter, we find ourselves in accordance with the lower Court's resolution of this case. Therefore, we affirm on the basis of the opinion of Judge JAMES M. MUNLEY, *In Re: Petitioner, By-Pass, Inc.,*    Pa. D. & C. 3rd    (1980). We briefly note the apparent

590

error on page 2 of Judge MUNLEY's opinion relating the date on which Mr. Cawley went to the Tax Claim Bureau, which was in fact September 7, 1979, rather than September 7, 1980.

ORDER

Now, May 26, 1982, after a thorough review of the briefs and records in this matter, we find ourselves in accordance with the lower court's resolution of this case. Therefore, the order of the Court of Common Pleas of Lackawanna dated January 2, 1982 at No. 1932 September Term 1979, is hereby affirmed.

Judge MENCER did not participate in the decision in this case.