384.

In Re: Upset Sale of September 8, 1980 of the Montgomery County Tax Claim Bureau. Hamlet Enterprises, Inc., Appellant

Argued April 11, 1985, before Judges MacPhail and Barry, and Senior Judge Barbieri, sitting as a panel of three.

*Heywood Eric Becker*, for appellant.

*Michael J. Sheridan,* for appellee.

Opinion by Senior Judge Barbieri, July 12, 1985:

This is an appeal by Hamlet Enterprises, Inc., (Hamlet) from an order of the Court of Common Pleas of Montgomery County which dismissed its exceptions and objections to the Final Return of the Montgomery County Tax Claim Bureau (Bureau) of the Bureau's 1980 Upset Tax Sale. Hamlet was the successful bidder on five properties which were included in the Bureau's Upset Tax Sale auction held on September 8, 1980. Those transactions did not result in completed sales by the Bureau, however, when the delinquent taxpayers made payments of at least twenty-five percent of their overdue taxes to the Bureau before the close of business on the day of the sale, in accordance with the terms of the sale as advertised by the Bureau, with that knowledge and notice communicated appropriately to interested parties, including Hamlet and the delinquent taxpayer-owners. The terms of the sale so communicated stated that the auction would not result in completed tax sales where delinquent taxpayers made payments of at least twenty-five percent of their overdue taxes to the Bureau before the close of business on the day of the sale. The five delinquent taxpayers in question made the partial payments after the auction was held on September 8, 1980 but before the close of business.

When the Bureau filed its Final Return for the 1980 Upset Tax Sale, these five properties were listed as not sold, having been redeemed. Hamlet filed exceptions to the Bureau's Final Return and sought to have itself confirmed as the successful bidder and owner of those five properties. After a non-jury trial, the common pleas court, sitting en banc, dismissed Hamlet's exceptions and confirmed the Bureau's Final

Return. The common pleas court, however, admonished the Bureau for its policy of informing delinquent taxpayers that they could redeem their properties up to the close of business on the day of the upset tax sale even after the auction had been held. Hamlet filed a timely appeal to this Court.

In this appeal, Hamlet contends that the Bureau was without the authority under the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§5860.101-5860.803, to permit delinquent taxpayers to redeem properties sold at an upset tax sale after the property was struck down to the highest bidder.

The resolution of this issue lies in the definition of the word "sale" as used in the Law since Section 501(c), 72 P.S. §5860.501(c), specifically states that "there shall be no right of redemption of any property after the sale thereof." Likewise, Section 603, 72 P.S. §5860.603, allows delinquent taxpayers, *prior* to the date of the sale, to stay the tax sale of their properties by entering into a written agreement with the Bureau to stay the sale and by paying at least twenty-five percent of the amount due. Section 602-(g), 72 P.S. §5860.602(g), provides that delinquent taxpayers must be notified that the sale may be stayed if such written agreements are entered into on or before the date of the sale. We have previously defined the term "sale" as used in the Law to be "the actual auction of the properties, at which bidding occurs, and at which the properties are struck down to the highest bidder." *In re: Lawrence County Tax Claim Bureau for Sale of Properties Held in Year 1977 for Delinquent Taxes*, 60 Pa. Commonwealth Ct. 333, 335, 431 A.2d 1116, 1117 (1981). However, in *Lawrence County*, the delinquent taxpayer attempted to redeem her property after the date of the sale but

prior to the common pleas court's confirmation of that sale. We rejected her argument that the "sale" under Section 501(c) of the Law does not occur until the common pleas court confirms the auction. Rather, we held that her right of redemption was extinguished at the fall of the auctioneer's hammer. *Id.* at 335, 431 A.2d at 117.

*Lawrence County,* however, is not controlling here since, as noted, the Bureau expressly notified all parties and participants, including the five affected property owners and Hamlet,[1] that although the actual auction would take place in the morning of September 8, 1980, the sales would not be deemed final until the close of business on that day.[2] Thus, the Bureau here, by the terms of the sale which were not protested prior to the auction, provided that no sale actually took place in final and binding form until the end of the day. Thus, we have here a situation where under the terms of the tax sale it was specifically provided that the auction would not be the sale, but would be a sale only if subsequent redemption during that day were not effected. Therefore, the "sale," which would cut off the delinquent taxpayer's right of redemption under Section 501(c), occurred at the close of business on September 8, 1980. As the five delinquent taxpayers who owned the properties in question re-

---

[1] Hamlet had been a participant in the Bureau's tax sales for well over a decade during which time this particular condition of sales was in force. Both in its brief and at oral argument, Hamlet acknowledged its awareness of this particular condition of sale prior to the September 8, 1980 auction. At no time, prior to this action, did Hamlet challenge or otherwise object to this procedure. The time for Hamlet to object or challenge this condition was *prior* to the auction, not afterward.

[2] In *Tracy v. County of Chester, Tax Claim Bureau,*        Pa.     , 489 A.2d 1334 (1985), our Supreme Court stressed that notice to delinquent taxpayers in tax sale proceedings under the Real Estate Tax Sale Law has constitutional implications.

deemed their properties prior to the close of business, the redemptions occurred prior to the "sale" and the auction mechanics pertaining to those properties was never given sale effect by the Bureau. The common pleas court properly confirmed the Bureau's final return of the 1980 sale and dismissed Hamlet's objections and exceptions to that final return.[3] Accordingly, we will affirm the order of the common pleas court.

## ORDER

AND Now, this 12th day of July, 1985, the Order of the Court of Common Pleas of Montgomery County at Docket Number 80-15416, dated April 27, 1983, is hereby affirmed.

---

[3] Both parties informed this Court that the Bureau has indeed amended its conditions of sale to conform to the common pleas court's order to bring the procedure in line with the statute. Tax sales are now deemed final at the fall of the auctioneer's hammer at which time the right of redemption is extinguished.