In Re: Upset Sale, Tax Claim Bureau of Montgomery County, Pennsylvania, Held September 13, 1971 and September 8, 1980. William Dodge, Appellant.

Argued June 4, 1985, before Judges ROGERS, BARRY and PALLADINO, sitting as a panel of three.

*Alfred O. Breinig, Jr.,* for appellant.

*Frank M. Walsh, Marvin Wilenzik, P. C.,* for appellees, Tracy Moody, Jr. and Esther Moody.

*Michael J. Sheridan,* for appellee, Tax Claim Bureau of Montgomery County.

OPINION BY JUDGE PALLADINO, October 17, 1985:

William Dodge (Appellant) appeals from a decision of the Court of Common Pleas of Montgomery County (trial court) which affirmed a final return of the Montgomery County Tax Claim Bureau (Bureau) for the 1971 tax sale. The trial court dismissed Appellant's objections and exceptions to the Bureau's voiding of sale number 13-12, based on a redemption by Tracy and Esther Moody (taxpayers), three days after the sale. For the reasons set forth below, we reluctantly reverse and reinstate the tax sale with Appellant as the purchaser of the subject property.

The property in question is located at 622 Cherry Street, Norristown Borough, Montgomery County. On September 13, 1971, Appellant purchased the property at the tax sale. The same day, following the close of the bidding, the taxpayers appeared at the Bureau and offered to make an installment payment of $100.00 on their taxes. The taxpayers offered to make this payment out of a third party check in excess of $900-.00, which the Bureau could not accept. The Bureau informed the taxpayers that the sale of the property would be voided provided that they promptly paid twenty-five percent (25%) of the delinquent taxes and entered into an agreement to pay the balance. The taxpayers did so on September 16, 1971, three days after the tax sale.

Appellant was advised by the Bureau that the sale had been voided because of the redemption, and filed exceptions to the Bureau's consolidated return for

the 1971 tax sale. Argument on the exceptions was not held until March 29, 1983; the matter having not been praeciped for argument until April of 1981.

The trial court held that because the notice for the tax sale provided for redemption until the close of the business day on the day of the tax sale, the taxpayers were able to redeem their property following the bidding on that day. As the taxpayers exhibited a willingness and ability to pay on September 13, 1971, the trial court affirmed the Bureau's voiding of the sale of their property. This appeal followed.

Appellant has presented two issues for our disposition: 1) Whether a tax claim bureau may extend the redemption period to the end of the business day on the day of sale provided that notice was given to all interested parties; and 2) whether a tax claim bureau may void a tax sale based on the willingness and ability of the taxpayer to pay, although no agreement to stay the sale has been entered into, nor partial payment made.

The first issue has been recently decided by this Court in *In re: Upset Sale of September 8, 1980 of the Montgomery County Tax Claim Bureau, Appeal of Hamlet Enterprises, Inc.*, 90 Pa. Commonwealth Ct. 384, 495 A.2d 221 (1985). In that case we held that where proper notice was given to all interested parties of the taxpayer's right of redemption by partial (25%) payment until the close of business on the day of the sale, no final sale occurred until the close of the business day.

The instant case involves the same redemption provision. All interested parties had notice of the extended redemption period. *Hamlet Enterprises* dictates that the sale of the taxpayers' property to Appellant was not final until the close of the business day on September 13, 1971. The taxpayers, therefore,

had the right to redeem their property by making a partial payment until 4:00 that day.

The second issue, however, is whether the Bureau erred in treating the property as redeemed based on an oral agreement to stay the sale following the taxpayers' attempt to make a partial payment on September 13, 1971.[1] We hold that the Bureau did so err.

Section 603 of The Real Estate Tax Sale Law[2] (Law) provides:

> Any owner or lien creditor of the owner may, at the option of the bureau, prior to the date of any first scheduled sale, enter into an agreement, *in writing,* with the bureau to stay the sale of the property *upon the payment of twenty-five per centum (25%) of the amount due on all tax claims and tax judgments filed or entered against such property* and the interest on the taxes returned to date, as provided by this act, and agreeing therein to pay the balance of said claims and judgments and the interest thereon in not more than three (3) installments (the last installment to include all costs due), all within one (1) year of the date of said agreement, the agreement to specify the dates on or before which each installment shall be paid, and the amount of each installment and the costs. (Emphasis added.)

The taxpayers here neither entered into a written agreement nor paid 25% of their delinquent taxes

---

[1] Because the sale did not, by the Bureau's terms, occur until the close of the business day, the Bureau could not void the sale. Rather, the Bureau in essence stayed the sale by informing the taxpayers that if they could promptly pay part of the taxes owed and enter into an agreement to pay the rest, then the sale would be voided.

[2] Act of July 27, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.603.

on the day of the sale.[3] Therefore, no stay of the sale occurred. *See By-Pass, Inc. Appeal,* 66 Pa. Commonwealth Ct. 588, 445 A.2d 850 (1982). Section 501(c) of the Law[4] provides that "There shall be no redemption of any property after the sale thereof." The Bureau had no authority to extend the time during which the taxpayer could comply with the requirements of Section 603. We must voice our disapproval of any such action by tax claim bureaus, in light of the obvious harm to all interested parties. The tax sale law was not meant to penalize delinquent taxpayers, rather, it was designed to insure collection of taxes; the letter of the law, however, cannot and should not be ignored. Therefore, we must hold that the Bureau improperly voided or stayed the sale of the taxpayers' property to Appellant. The tax sale will be reinstated for sale number 13-12, William Dodge, purchaser.

Because our decision only reinstates the tax sale, the Bureau must still comply with any additional statutory procedures, *e.g.,* filing a return for this sale with the Court of Common Pleas, to which the taxpayers may file objections and exceptions.

Accordingly, the decision of the trial court is reversed, and sale number 13-12 is reinstated.

## ORDER

AND Now, October 17, 1985, the decision of the Court of Common Pleas of Montgomery County at No. 71-13531, dated April 27, 1983, dismissing the objections and exceptions of Appellant William Dodge to the tax sale of the property at 622 Cherry

---

[3] Although Section 603 states that *prior to the date* of the sale the owner may stay the sale, the notice of sale permitted a stay on the day of the sale, thus removing this statutory stricture.

[4] 72 P.S. §5860.501(c).

Street, Norristown Borough, Montgomery County, is reversed. The exceptions are sustained and the tax sale is reinstated. The Tax Claim Bureau is directed to proceed in accordance with the foregoing opinion.