NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3279
_____

SWINKA REALTY INVESTMENTS LLC,
                                                            Appellant

v.

LACKAWANNA COUNTY TAX CLAIM BUREAU;
COUNTY OF LACKAWANNA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 3-13-cv-00764
District Judge: The Honorable Robert D. Mariani

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 24, 2017

Before: SMITH, *Chief Judge*, McKEE, and RENDELL, *Circuit Judges*

(Opinion Filed: May 2, 2017)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Chief Judge.*

Swinka Realty Investments, LLC, filed a civil rights complaint based on its inability to acquire a parcel of real estate it bid upon at an upset tax sale in Lackawanna County, Pennsylvania.  Swinka alleged that the Lackawanna County Tax Claim Bureau and the County of Lackawanna, Pennsylvania (collectively the County defendants), violated its rights under the Fifth and Fourteenth Amendments to the United States Constitution.  In addition, Swinka asserted several state law claims.  For the reasons set forth below, we will affirm.[1]

The upset tax sale at issue concerned real property located at 905 Woodmere Avenue, Dickson City, Lackawanna County, Pennsylvania, owned by John Fennell. Mark Gawron, Swinka's operator, bid on the Fennell property and paid the purchase price of $541.16 on September 20, 2010, which was the day of the upset sale.  The property was valued at $177,000.

According to Ronald Koldjeski, the Deputy Director of the Lackawanna County Tax Claim Bureau, he presided over the sale and instructed those in attendance that past due taxes could be paid up to 4:00 PM that day.  Koldjeski explained during his deposition that he extended the time by which an owner could redeem the property to the end of the day because he was in the business of getting taxes paid.  The public notices of

---

[1] The District Court exercised jurisdiction under 28 U.S.C. §§ 1331, 1367, 1441.  We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over a district court's order granting summary judgment. *Roth v. Norfalco LLC*, 651 F.3d 367, 373 (3d Cir. 2011).

the upset tax sale also specified that "[t]he sale of these properties may at the option of the Bureau be *stayed* if the owner thereof or any lien creditor of the owner *on or before the date of sale*, enters into an agreement with the Bureau to pay the taxes, claims and costs in installments in the manner approved by said act and the Agreement to be entered into." Lackawanna Jurist at 1 (emphasis added). Thus, the terms of the upset sale meant that "no final sale occurred until the close of the business day." *See In re: Upset Sale, Tax Claim Bureau of Montgomery Cnty., Pa. held September 13, 1971 & September 8, 1980*, 499 A.2d 12, 13 (Pa. Commw. Ct. 1985) (citation omitted) (acknowledging that it had previously "held that where proper notice was given to all interested parties of the taxpayer's right of redemption by partial (25%) payment until the close of business on the day of the sale, no final sale occurred until the close of the business day").

On the day of the upset sale, Fennell's attorney, Armand E. Olivetti, contacted Koldjeski about staying the upset sale of Fennell's property because it was under contract to be sold in early October. Around noon, pursuant to their conversation, Olivetti faxed the agreement of sale for the Fennell property to Koldjeski. After determining that the real estate transaction would produce sufficient funds to pay the delinquent taxes, Koldjeski directed his administrative assistant, Cathy Chelland, to remove the Fennell property from the upset sale and to advise Swinka that the property was going to be redeemed. Swinka did not take any action to compel the conveyance of a tax deed.

Instead, almost two years later, Swinka filed this action in the Court of Common Pleas of Lackawanna County, asserting the following counts: (1) a breach of contract claim; (2) an action in mandamus; (3) a § 1983 claim alleging violations of the Due

3

Process and Equal Protection Clauses of the Fourteenth Amendment; and (4) a claim for a Board of Viewers under Pennsylvania's Eminent Domain Code. The County defendants removed the action. An amended complaint added a Fifth Amendment claim alleging a deprivation of property without just compensation. The Eminent Domain claim was dismissed pursuant to a motion to dismiss.

After discovery concluded, the County defendants moved for summary judgment. The District Court granted summary judgment in favor of the County defendants. Swinka appeals the dismissal of all of its claims, except the breach of contract action. In doing so, Swinka's brief repeatedly casts aspersions on the District Court's analytical ability.[2] The aspersions lack substance and utterly fail to advance Swinka's legal

---

[2] *See* Appellant's Br. at 13 ("The District Court . . . smugly contradicted itself"); 14 ("If, as the District Court so proudly recited"); 15 ("a genuine issue of fact was clearly and intentionally overlooked by the District Court" and the District Court's analysis is "quite frankly, outright false"); 16 ("evidences the District Court's clear lack of understanding of Pennsylvania Tax Sale Law," "seemingly in an effort to bolster a legal position that really does not exist, the District Court *misstated the status of the law*," and the "Court chose to omit that crucial language to avoid giving Swinka their opportunity in court"); 17 ("two (2) distinct problems with the District Court's unsubstantiated position"); 19 ("the District Court grossly erred in its ruling"); 19 n.1 ("the District Court has acted far outside its bounds"), 20 ("The District Court . . . was once again, wrong."); 21 ("This issue presents the Third Circuit with one of the more shocking decisions and questionable reasoning by the District Court. The District Court astonishingly claims"); 22 ("[i]t is not only disingenuous for the District Court" and "the District Court misstates, and clearly misunderstands"); 23 (asserting the Court "padded its opinion with irrelevant citations to cases"); 24 ("The District Court has gone to great lengths to deprive Swinka of its rights"); 25 ("most egregiously, the District Court seeks to deprive Swinka of its rights" and "clearly feels that Swinka's rights are secondary to everyone else merely because of the values involved") .

4

arguments. As such, these unprofessional comments reflect poorly on Swinka's counsel.[3] When counsel wastes ink attacking the ability of able District Courts instead of advancing his or her client's legal arguments, we smell more than a hint of desperation and confusion about how an appeal works. It is an unbecoming way to brief an appeal.

We conclude that the District Court did not err in dismissing Swinka's procedural due process claim. The elements of this claim require establishing that: "(1) [the person] was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available . . . did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006) (citing *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).

The District Court concluded that Swinka did not have a property interest in the Fennell property because it "had been redeemed on the same day as the tax sale." A41. Swinka contends that this was error because the Fennell property was not redeemed as he was asked to withdraw his bid the following day. There is no need to quibble about the term "redemption" for purposes of the upset tax sale because it is undisputed from the record developed in the District Court that Koldjeski accepted the agreement of sale from Olivetti before the close of business on the day of the upset sale. Koldjeski's acceptance of this documentation effected a stay of the upset sale as permitted by the terms

---

[3] We note that Swinka's counsel is a member of the Pennsylvania bar and that he is ethically bound to avoid reckless aspersions on the integrity or qualifications of a judge. *See* Pa. Rule Prof. Conduct 8.2(a) ("A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge.").

5

announced prior to the sale and in the public notice. *See* A28 (quoting *In re Public Sale of Props.*, 841 A.2d 619, 624 (Pa. Commw. Ct. 2004)); A40-41. Because the upset sale for the Fennell property was never final, Swinka never acquired an interest in the realty. In the absence of a property interest, Swinka's due process claim fails as a matter of law.

Given the lack of a property interest, there also is no basis for disturbing the District Court's grant of summary judgment on either the Fifth Amendment unlawful takings claim or the claim under the Pennsylvania Eminent Domain Code seeking a Board of Viewers for an inverse condemnation.

Swinka also disputes the dismissal of its "class-of-one" equal protection claim, which rests on Swinka's belief that other buyers did not experience interference with their purchases. A state actor needs only a rational basis for its action to defeat a class-of-one claim. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Here, there was a very "rational basis" for the Bureau's decision to accept the agreement of sale for the Fennell property as a basis for staying the upset sale. The agreement of sale confirmed for the Bureau that there was a verifiable source to timely pay in full the delinquent taxes on the Fennell property, which was consistent with the Bureau's interest in having the taxes paid. *See Sanders v. Westmoreland Cnty. Tax Claim Bureau*, 92 A.3d 97, 100 (Pa. Commw. Ct. 2014) (acknowledging that "the purpose of tax sales is not to strip the taxpayer of his property, but to insure the collection of taxes") (internal citation and quotation marks omitted). We will not disturb the grant of summary judgment on this claim.

6

Finally, Swinka contends that the District Court erred by denying mandamus relief compelling the conveyance of a tax deed. This argument is frivolous for several reasons. First, a writ of mandamus is traditionally used to compel an inferior court "to exercise its authority when it is its duty to do so." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980) (internal citation and quotation marks omitted). A district court has no inferior court to which it can issue the writ. Second, there were other means by which Swinka could have sought the deed it desired. *Id.* (observing that a writ of mandamus "require[s] that a party seeking issuance have no other adequate means to attain the relief he desires"). Third, the right to the relief Swinka sought was neither clear nor indisputable. *Id.* As a result, both the count seeking mandamus relief in the amended complaint and this appeal challenging the District Court's rejection of the claim are frivolous.

For the above reasons, we will affirm the judgment of the District Court.

7