# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Rohde and Nancy Rohde,       :
                    Appellants       :
                                 :
                v.       :       No. 1134 C.D. 2023
                                 :       Submitted: October 8, 2024
Plantation Park Campers Association,       :
Inc.       :

**BEFORE:**    **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                      **HONORABLE CHRISTINE FIZZANO CANNON,** Judge (P.)
                      **HONORABLE MATTHEW S. WOLF**, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**      **FILED: November 7, 2024**

Mark and Nancy Rohde (together, Appellants or the Rohdes) appeal from the Order of the Court of Common Pleas of Mercer County (common pleas) dated April 6, 2023, granting summary judgment for Plantation Park Campers Association, Inc. (Appellee or Plantation Park).[1] Common pleas found that Plantation Park did not breach its contract with the Rohdes, as reflected in the Plantation Park Rules and Regulations (Rules and Regulations), which set forth the procedures for resolving internal disputes, because the Rohdes received notice of and were present at hearings related to a dispute involving their dog and their neighbors' child. On appeal, the Rohdes argue common pleas erred in granting summary judgment because issues of material fact regarding whether Plantation Park actually complied with the

---

[1] This matter was transferred from the Superior Court on September 6, 2023.

procedure set forth in the Rules and Regulations remain in dispute. After careful review, we reverse and remand for further proceedings.

## I. BACKGROUND

On October 2, 2020, the Rohdes filed a Complaint (Complaint) asserting a breach of contract claim against Plantation Park based on the following factual allegations. (Reproduced Record (R.R.) at 1-6.) The Rohdes are shareholders of Plantation Park, a non-profit corporation incorporated under Pennsylvania law, which operates a shareholder-owned campground in Mercer County, Pennsylvania. (*Id.* at 1, 55, 58; Supplemental Reproduced Record (S.R.R.) at 224b.[2]) "On or about July 18, 2018[,] an incident occurred just off [the Rohdes'] lots in which [their] dog[,] 'Camper[,]' knocked over a child who had been running in [the Rohdes'] yard near the dog."[3] (R.R. at 2.) "Camper had been chained but pulled the chain out and knocked the boy over." (*Id.* at 3.) As a means of resolving the matter with the boy's parents, the Rohdes offered "to send Camper to obedience school." (*Id.*) The Rohdes sent Camper for obedience training, and the dog "received significant training beyond basic obedience school." (*Id.*)

---

[2] The Plantation Park Bylaws are located on pages 223b through 236b of the Supplemental Reproduced Record.

[3] The Rules and Regulations provide that dogs are permitted so long as they are, among other things, licensed, up to date on their vaccinations, and are "controlled and leashed at all times." (Sections 19.1-19.2 of the Rules and Regulations, S.R.R. at 211b.) "Any complaints of pet abuse or annoying behavior should be reported by completing the appropriate form in the Park Office." (Section 19.5 of the Rules and Regulations. S.R.R. at 212b.) "Any pet, which has demonstrated a vicious nature by attacking or threatening campers or guests, will not be permitted in [] [Plantation] Park." (Section 19.2, S.R.R. at 211b.)

On September 2, 2018, the boy's parents filed a complaint with Plantation Park (Neighbors' Complaint).[4] (*Id.*) That "complaint alleged a prior incident occurring sometime in fall of 2017, that had never been reported." (*Id.*) A hearing on the complaint was held on September 15, 2018, but the Rohdes did not receive notice and did not appear. (*Id.*) A second hearing was held on September 29, 2018, which the Rohdes attended and the complainants did not. The Plantation Park Board (Board) issued a decision on October 8, 2018, prohibiting Camper from the grounds. The Rohdes appealed that decision, and the full Board held a hearing on June 22, 2019, at which only the Rohdes appeared. It was at this hearing that the Rohdes received a copy of the Neighbors' Complaint against the dog for the first time, which averred that not only had the boy been knocked over but had also been bitten. (S.R.R. at 328b.) By letter dated July 11, 2019, Plantation Park advised the Rohdes that the Board voted to prohibit Camper from the premises forever. The Rohdes requested a rehearing multiple times to provide "documentation of Camper[']s training and certificates[,] to no avail." (R.R. at 3.)

In the Complaint, the Rohdes asserted a breach of contract claim under the theory that Plantation Park did not follow the specific procedures set forth in Section 24.3(g) of the Rules and Regulations to resolve internal disputes. Specifically, the Rohdes alleged that, under that provision, they should have received a copy of the Neighbors' Complaint, along with copies of the rules allegedly violated, prior to any hearing. The Rohdes asserted they did not receive "the complaint filed on September 2, 2018[,] until June 22, 2019." (*Id.* at 4.) According to the Rohdes, Plantation Park "breached the contract by failing to provide proper notice to [them]" and "by failing

---

[4] Pursuant to Section 24.2, of the Rules and Regulations, "[a]ny shareholder, director, committee or employee may file a complaint against any shareholder or guest for committing an offense punishable under this section." (*Id.* at 215b.)

to follow their own [R]ules and [R]egulations . . . ." (*Id.* at 5.) They further averred that they "were not afforded reasonable notice and a fair opportunity to be heard." (*Id.*) The Rohdes contended that they have been "damaged by being unable to enjoy the campground with their dog and entire family" and "expended significant sums in training of their dog." (*Id.*)

Plantation Park filed an Answer with New Matter. (*Id.* at 30-37.) In its Answer, Plantation Park denied all of the material allegations. In its New Matter, Plantation Park asserted a variety of affirmative defenses, including that it reasonably believed its actions were reasonable, lawful, and comported with its Bylaws and the Rules and Regulations, which were incorporated by reference. The parties thereafter engaged in discovery, including taking the deposition testimony of the Rohdes. (S.R.R. at 56b-165b.)

Plantation Park filed a motion for summary judgment arguing it had complied with its contractual obligations to the Rohdes because the Rohdes admitted that it provided them hearings, they were aware that the hearings were about Camper, they participated and presented evidence in support of their defense against Neighbors' Complaint, no decision had been made after the September 15, 2018 hearing, and they had an opportunity to appeal the Board's decision. (*Id.* at 166b-77b.) According to Plantation Park, these admissions establish that the Rohdes failed to state a claim for breach of contract because they were provided all the process that was due before Camper's ban from the premises.

The Rohdes responded that summary judgment was not proper, pointing out they had not received notice of the September 15, 2018 hearing, did not know the outcome of that hearing, and they did not receive Neighbors' Complaint until June 22, 2019. (*Id.* at 322b-27b.) They further pointed to their testimony that they did

4

not know what they "were going into" at the September 29, 2018 hearing, and that the complaining parties did not appear at any other hearing. (*Id.* at 324b.) In their supporting brief, the Rohdes pointed to Section 24.3(g) as the exact contractual process required to be followed and that Plantation Park did not do so here, thereby breaching its contractual obligations to them, which precluded them from being able to question the complaining parties. (*Id.* at 334b-35b.)

By order and opinion dated April 6, 2023, common pleas agreed with Plantation Park, granted summary judgment in Plantation Park's favor. (Common pleas' Opinion (Op.) at 3-4.) Common pleas held that Plantation Park complied with its contractual obligations because the Rohdes "received notice for the hearing on September 29, 2018[, and they] attended th[at] meeting and, therefore, had an opportunity to be heard." (*Id.*) Common pleas further concluded that because of this notice and opportunity to be heard, the Board's decision following the September 29, 2018 hearing was not improper and no breach of contract occurred. (*Id.*)

The Rohdes appealed and filed a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Appellate Rule) 1925(b), Pa.R.A.P. 1925(b). Therein, they asserted the grant of summary judgment was in error because material facts remained in dispute regarding whether they received proper notice and hearings under the term of the contract and due process. (S.R.R. at 347b.) Common pleas responded thereto, indicating that its prior opinion addressed the issues raised. (*Id.* at 349b.)

The parties have submitted their respective principal briefs. As such, this matter is ripe for disposition.

5

## II.  DISCUSSION

On appeal,[5] the Rohdes argue that Plantation Park breached its obligations under the Rules and Regulations by not providing them with a copy of Neighbors' Complaint and copies of the rules allegedly violated prior to conducting a hearing, as expressly required by Section 24.3(g) of the Rules and Regulations.  (Appellants' Brief (Br.) at 6.)  The Rohdes assert that they "never received the complaint filed on September 2, 2018[,] until June 22, 2019."  (*Id*.)  The Rohdes argue that at the hearing held on September 15, 2018, of which they received no notice, "evidence was taken against them and without their ability to defend themselves or cross-examine witnesses.  No hearing has been held where [the Rohdes] were able to confront their accusers." (*Id.* at 13.)  The Rohdes further assert that, while no formal decision had been issued, the Board had already decided to ban Camper after the September 15, 2018 hearing and before hearing the Rohdes' evidence.  According to the Rohdes, common pleas erred in focusing on their receiving notice of and an opportunity to be heard at subsequent hearings, which "misconstrues the requirements under the contract and [the] requirements of due process in general." (*Id.*)  The Rohdes maintain common pleas "ignored the agreed upon procedure as laid out in the rules, regulations[, and] bylaws of" Plantation Park, and Plantation Park has not "contradict[ed] in any way that the procedure laid out by Rule 24.3(g)

---

[5] "The standard of review of the grant of summary judgment is de novo." *Texeira v. Dep't of Transp.*, 284 A.3d 1279, 1283 n.2 (Pa. Cmwlth. 2022) (citing *Pyeritz v. Commonwealth*, 32 A.3d 687, 692 (Pa. 2011)).  "The scope of review over an order granting summary judgment is limited to a determination of whether [common pleas] abused its discretion or committed an error of law." *Id.* (internal quotation marks and citation omitted).  "A grant of summary judgment will be reversed only where there has been an error of law or a manifest abuse of discretion." *Sanders v. Westmoreland Cnty. Tax Claim Bureau*, 92 A.3d 97, 98, n.2 (Pa. Cmwlth. 2014) (citation omitted). "When reviewing an order granting summary judgment, we are obliged to read the record in the light most favorable to the non-moving party and resolve all doubt against the movant." *Id.*

[had not been] followed in any way." (*Id.* at 14.) For these reasons, the Rohdes argue common pleas' grant of summary judgment on the basis that Plantation Park complied with its contractual obligations should be reversed.

Plantation Park responds there was no error in granting summary judgment because it provided the Rohdes with a hearing on September 29, 2018, of which the Rohdes admitted they had notice and they were aware that the hearing was about their dog. Plantation Park also argues the Rohdes acknowledge they had an opportunity to, and did, "tell their story, answer and ask questions, and present witnesses and evidence to the [] Board in support of their dog." (Appellee's Am. Br. at 5, 7, 13-14.) Thus, it contends, there was no breach of contract or due process violation, and common pleas' Order should be affirmed.

Pursuant to Pennsylvania Rule of Civil Procedure 1035.2(1), a trial court may grant summary judgment "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense . . . ." Pa.R.Civ.P. 1035.2(1). "Summary [j]udgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Pritts v. Dep't of Transp.*, 969 A.2d 1, 3 (Pa. Cmwlth. 2009). "To successfully challenge a motion for summary judgment, a party must show through depositions, interrogatories, admissions[,] or affidavits that there are genuine issues of material fact to present at trial." *Id.* In other words, the "non-moving party must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor." *Ertel v. Patriot-News Co.*, 674 A.2d 1038, 1042 (Pa. 1996).

In this matter, the Rohdes assert a breach of contract claim against Plantation Park arising from the procedures set forth in the Rules and Regulations and the

resultant violation of their due process rights. Although common pleas appears to have focused on "due process" generally, a careful review of the record indicates that the due process arguments relate to the Board's alleged failure to follow the specific due process procedures mandated by the Rules and Regulations and how that failure amounts to a breach of contract.

"The material facts for a breach of contract claim are (1) there was a valid contract between the parties; (2) the defendant breached the contract; and (3) the plaintiff suffered damages[6] as a result of defendant's breach." *Sch. Express, Inc. v. Upper Adams Sch. Dist.*, 303 A.3d 186, 197 (Pa. Cmwlth. 2023) (citing *McShea v. City of Philadelphia*, 995 A.2d 334, 340 (Pa. 2010)). "It is axiomatic in Pennsylvania that questions related to interpretation of a contract are questions of law for the Court, and not questions of fact."[7] *Id.* (citing *Wert v. Manorcare of Carlisle PA, LLC*, 124 A.3d 1248, 1259 (Pa. 2015)). "In a breach of contract action such as here, the injury is the failure to perform or, in other words, the breach." *Carulli v. N. Versailles Twp. Sanitary Auth.*, 216 A.3d 564, 583 (Pa. Cmwlth. 2019).

Here, the Rules and Regulations, by their own terms, govern the type of adjudicative procedures that must occur and the procedures that the Board must

---

[6] "Under Pennsylvania law, if a plaintiff is able to prove a breach of contract but can show no damages flowing from the breach, the plaintiff is nonetheless entitled to recover nominal damages." *Carulli v. N. Versailles Twp. Sanitary Auth.*, 216 A.3d 564, 583 (Pa. Cmwlth. 2019) (quoting *Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 497 (3d Cir. 2015)).

[7] In the context of contractual interpretation, we have made clear that "[a] contract is not ambiguous if the court can determine its meaning without any guide other than a knowledge of the simple facts on which, from the nature of language in general, its meaning depends[.]" *Cummins v. Bradford Sanitary Auth.*, 237 A.3d 584, 601 (Pa. Cmwlth. 2020) (citation omitted). "A contract shall be interpreted in accordance with the parties' intent . . . . [and w]hen a written contract is clear and unambiguous, the parties' intent is contained in the writing itself." *Wert v. Manorcare of Carlisle PA, LLC*, 124 A.3d 1248, 1259 (Pa. 2015).

follow prior to a hearing.[8]  (S.R.R. at 216b.)  Specifically, Article XXIV, Section 24.3(g) of the Rules and Regulations expressly provides:

> Where "probable cause" is determined, the chairperson of the Hearing Board (or his or her designate) shall provide the accused shareholder with the following[:]
>
> 1. A copy of the complaint and list of Rules, Bylaws or laws apparently violated;
>
> 2. Notice of hearing date; to be held within ten days.
>
> 3. All letters being sent will be approved by the President or Vice-President.

(*Id.*)  Thus, the plain language of Section 24.3(g) explicitly requires the Board to provide an accused shareholder a copy of the complaint and copies of the rules allegedly violated prior to a hearing.

In reviewing an order granting summary judgment, we must view the record below in the light most favorable to the non-moving party to determine if there are disputed material facts.  *Sanders v. Westmoreland Cnty. Tax Claim Bureau*, 92 A.3d 97, 98 n.2 (Pa. Cmwlth. 2014).  "A fact is material only if it directly affects the disposition of the case."  *Pyeritz v. Commonwealth*, 956 A.2d 1075, 1079 (Pa. Cmwlth. 2008), *aff'd*, 32 A.3d 687 (Pa. 2011) (citation omitted).  Here, the Rohdes testified that they did not receive a copy of the Neighbors' Complaint until 2019, have never received copies of the rules they allegedly violated, did not receive notice

---

[8] Importantly, the parties do not dispute the applicability of the Rules and Regulations to the instant dispute.  *See Serota v. London-Towne Homeowners Ass'n* (Pa. Cmwlth., No. 2073 C.D. 2016, filed April 27, 2017), slip op. at 14 (noting that bylaws "are, in effect, contracts between [an a]ssociation and its members and the members with each other.")  Instead, the instant dispute focuses on the second element, that is, the Board's purported breach of its obligation to provide the Rohdes with a copy of the Neighbors' Complaint and copies of the rules allegedly violated prior to conducting a hearing.

of the September 15, 2019 hearing where the complainants presented their evidence of the Rohdes' violation, and have **never** had the opportunity to hear or question the complainants about what they allege occurred. Plantation Park does not refute these claims, instead arguing that no breach or due process violation occurred because the Rohdes received "notice" of the subsequent September 29, 2018 hearing, which they attended and presented witnesses in their defense. (Appellee's Am. Br. at 5.) Common pleas agreed with Plantation Park and concluded that Plantation Park complied with its obligations under the contract, *i.e.*, the Rules and Regulations, because the Rohdes "received the notice for the hearing on September 29, 2018. [The Rohdes] attended the meeting and, therefore, had an opportunity to be heard." (Common pleas' Op. at 3.)

But Plantation Park's argument, and common pleas' holding, miss the mark, that is, whether Plantation Park satisfied the **specific** contractual obligations imposed upon it in the Rules and Regulations. Absent from common pleas' analysis is reference to the language of Section 24.3(g) of the Rules and Regulations. The Rules and Regulations' notice procedures require not only the "time and place" notice for a hearing, but also notice of the specific complaints levied against the accused shareholder. Failure to provide the Rohdes with a copy of the Neighbors' Complaint and copies of the violated rules, prior to a hearing, and failure to provide notice of the hearing date at which Neighbors' Complaint would first be heard, places Plantation Park in direct violation of its own adjudicative procedures and, thus, in breach of its obligations under Section 24.3(g) of the Rules and Regulations. Moreover, the combination of not providing the Rohdes a copy of the Neighbors' Complaint and notice of the **September 15, 2018 hearing**, where the complaining

10

parties presented their evidence in support of that complaint, raises other questions regarding Plantation Park's provision of due process in this matter.

Viewing the record evidence in the light most favorable to the Rohdes, as we must, if the Rohdes did not receive a copy of the Neighbors' Complaint until 2019, this was not before the hearings in September 2018, and never received copies of the rules they allegedly violated, as they testified to in their depositions, then the Board did not fulfill its contractual obligations under the Rules and Regulations. Common pleas never addressed this evidence or explained what **undisputed** material evidence supported its contrary conclusion that no breach of contract occurred. Therefore, there exists a genuine issue of material fact as to whether the Board complied with its contractual obligations under Section 24.3(g) of the Rules and Regulations, and it was error to grant summary judgment on this record.

## III. CONCLUSION

For the foregoing reasons, we reverse the Order dated April 6, 2023 granting summary judgment, and we remand this matter for further proceedings.

 

 

_____

**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Rohde and Nancy Rohde,     :
                Appellants     :
                      :
           v.            :   No. 1134 C.D. 2023
                      :
Plantation Park Campers Association,     :
Inc.                       :

# O R D E R

NOW, November 7, 2024, the Order of the Court of Common Pleas of Mercer County dated April 6, 2023, is **REVERSED**, and this matter is **REMANDED** for further proceedings.

Jurisdiction relinquished.

 

_____

**RENÉE COHN JUBELIRER,** President Judge