IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: York County Tax Claim Bureau   :
  :
Emeka Kingsley Oguejiofor and   :
Wecan Transport Incorporated and   :
Konstantinos G. Sgagios   :
  :   No. 838 C.D. 2019
Appeal of: Emeka Kingsley Oguejiofor   :
and Wecan Transport Incorporated   :


In Re: York County Tax Claim Bureau,   :
Emeka Kingsley Oguejiofor and   :
Wecan Transport Incorporated, and   :
Konstantinos G. Sgagios   :
  :   No. 1250 C.D. 2019
Appeal of: Emeka Kingsley   :   Submitted: August 7, 2020
Oguejiofor and Wecan Transport   :
Incorporated   :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT           FILED: December 31, 2020

In these consolidated appeals, Emeka Kingsley Oguejiofor (Oguejiofor) and Wecan Transport, Inc. (Wecan Transport) (collectively, Objectors) appeal two orders of the Court of Common Pleas of York County (trial court). In the first order, the trial court denied Oguejiofor's post-trial motion for a hearing to present additional evidence. In the second order, the trial court dissolved an injunction issued while the post-trial motion was pending. Because Objectors have waived all issues on appeal, we affirm the trial court.

On September 27, 2018, the York County Tax Claim Bureau sold a property at 964 Old Rossville Road, Lewisberry, Pennsylvania 17339, to Konstantinos Sgagios (Purchaser) because of a 2016 tax delinquency. On November 18, 2018, Oguejiofor petitioned to set aside the upset tax sale. Oguejiofor asserted that he was the equitable owner of the property and entitled to notice of the tax sale under the Real Estate Tax Sale Law.[1] However, the Tax Claim Bureau did not serve him. Purchaser answered Oguejiofor's petition and stated that the Tax Claim Bureau served the record owner of the property, Aumiller's West, Inc. (Aumiller's West), thereby complying with the statutory notice requirements. On April 25, 2019, the trial court held a hearing on Oguejiofor's petition.

The trial court found that Wecan Transport, not Oguejiofor, was the equitable owner of the property. The hearing involved the following exchange:

> THE COURT: [Oguejiofor is] not the equitable owner. Wecan Transport is the equitable owner. If this installment sales agreement means anything, that's a corporation and that's different than an individual.
>
> ATTORNEY [for Oguejiofor]: Well, if I may, Your Honor, he is Wecan Transport.
>
> THE COURT: I don't care. If you are going to incorporate, you take the benefits of incorporation and you take the obligations of incorporation. He's not the equitable owner. . . . Your client as named in the petition has no standing.
>
> ATTORNEY [for Oguejiofor]: Your Honor, if I may, and this explains the untimely filing of the instrument, when I met with [Oguejiofor], he indicated that he was the owner of the property. I didn't receive the actual original of [the installment sales agreement] until February. This [matter] was filed back in, I believe . . . may be the first week in November, but had I known

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§5860.101 - 5860.803.

that [Wecan Transport] was the named party in the installment sales agreement, I would have moved to amend.

THE COURT: It's not your fault. I mean, your client has to know the distinctions when he's operating an incorporated business. [Oguejiofor] has to know that he is not the business, he is not the incorporated business.

***

I don't even know what relationship [Oguejiofor] has to the incorporated business, if he's a shareholder, if he's an officer, director or what. But he is not an equitable owner, at least according to the documents that have been presented at this point.

ATTORNEY [for Oguejiofor]: But, Your Honor, I believe that that's through no fault of [Oguejiofor]. I don't believe that was done in bad faith, Judge. I believe we had a copy of the original [installment sales agreement], which is what we were attempting to obtain for several months until we were actually getting a hold of the original to file, we attempted to file one, I would say it was sometime after 2019, but [] wouldn't accept a photocopy.

Notes of Testimony (N.T.), 4/25/2019, at 9-10.

The installment sales agreement between Aumiller's West and Wecan Transport was executed on January 17, 2014, and it was recorded on February 6, 2019, after the tax sale. The agreement provided that Wecan Transport was to purchase the property from Aumiller's West and to pay all real estate taxes levied on the property. Accordingly, the trial court allowed Wecan Transport to be substituted for Aumiller's West.

Nevertheless, the trial court found that the Tax Claim Bureau had complied with the notice requirements of the Real Estate Tax Sale Law by posting a notice on the property and sending notices of the sale by certified mail and First-

3

Class Mail to Aumiller's West, the record owner. Based on these findings, the trial court overruled Objectors' objections to the tax sale.

On May 8, 2019, Oguejiofor filed a post-trial motion, requesting a hearing to present additional testimony and evidence on the issue of notice. On May 10, 2019, the trial court scheduled argument on the motion.[2] On May 17, 2019, Purchaser filed an answer and new matter, requesting a continuance of the hearing. Meanwhile, on May 24, 2019, Oguejiofor filed a petition for emergency injunctive relief to enjoin Adams Electric from disconnecting electricity service to the property while the post-trial motion was pending. The trial court granted Oguejiofor's request for injunctive relief and thereafter scheduled a hearing on Oguejiofor's post-trial motion.

At the hearing on the post-trial motion, Oguejiofor argued that he had discovered new evidence relevant to his objections to the tax sale. Purchaser countered that Oguejiofor should not be allowed a "second bite" at the apple. N.T., 5/29/2019, at 15. On May 31, 2019, in two separate orders, the trial court denied Oguejiofor's post-trial motion and dissolved the injunction.

With respect to the post-trial motion, the trial court explained as follows:

> Essentially, the post[-]trial motion[] ask[s] us to reopen the record in the case and take additional evidence and testimony that was not presented during the course of the April hearing. We decline to do that at this point. Everyone had a day in court. They presented the evidence and testimony which they had available and, which we might add, everyone had plenty of time

---

[2] Post-trial motions are governed by Rule 227.1 of the Pennsylvania Rules of Civil Procedure. PA. R.C.P. No. 227.1. Although Rule 227.1(g) expressly provides that motions for post-trial relief are not permitted in statutory appeals, the trial court may entertain such filings in its discretion. *See Appeal of Borough of Churchill*, 575 A.2d 550, 553-54 (Pa. 1990).

4

to prepare for, and the Court made a decision based on the evidence that was before it.

We have to agree with [Purchaser] that the purpose of [a] post[-]trial motion[] is not to reopen the evidence and have a second bite at the apple, so to speak. Even if we were able to do so and the proffer of Wecan Transport was accepted by the Court and supported by evidence, we fail to see how this would overcome the findings that we made at our April hearing, given the fact that we found specifically that there was proper notice posted on the business premises operated by Wecan Transport and [] Oguejiofor. It was on that basis, as well as the others stated on the record, that we held against him.

Trial Court's Order Denying Post-Trial Motion, 5/31/2019, at 2-3. Accordingly, the Court denied Oguejiofor's post-trial motion.

With respect to the dissolution of the injunction, the trial court explained as follows:

Since we had previously held against [] Oguejiofor after our hearing which we conducted on the merits in April and we have today again denied him relief on post[-]trial motions, we conclude that [Oguejiofor] cannot meet the requirements of issuing a preliminary injunction since he cannot demonstrate a reasonable likelihood of success on the merits.

Trial Court's Order Dissolving Preliminary Injunction, 5/31/2019, at 2. Accordingly, the trial court dissolved the injunction of May 24, 2019.

On June 3, 2019, Objectors appealed the trial court's order dissolving the preliminary injunction to the Superior Court, which transferred the appeal to this Court. On June 6, 2019, the trial court directed Objectors to file a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The trial court's order stated that, "[a] failure to comply with this direction may be considered by the [Commonwealth] Court as a waiver of all objections to

5

the [o]rder ... complained of." *See* Trial Court's Order Directing Objectors to File Rule 1925(b) Statement, 6/6/2019. Objectors did not file a Rule 1925(b) Statement as ordered by the trial court.

On July 1, 2019, Objectors filed a second appeal of the trial court's order denying their post-trial motion. On July 3, 2019, the trial court directed Objectors to file a Rule 1925(b) Statement within 21 days and advised that "failure to comply with this direction may be considered by the [Commonwealth] Court as a waiver of all objections to the [o]rder … complained of." *See* Trial Court's Order Directing Objectors to File Rule 1925(b) Statement, 7/3/2019. Objectors did not file a Rule 1925(b) Statement as ordered by the trial court.

On August 2, 2019, the trial court issued a Rule 1925(a)[3] opinion explaining the reasons for its April 29, 2019, and May 31, 2019, orders as follows:

> The reasons for our decision resulting in the May 31, 2019 order denying [the] post-trial motion[] [is] contained in the order filed May 31, 2019. Additional support can be found in the original record, Transcript of Proceedings of May 29, 2019[,] at pages 5-6, and page 21.
>
> The reasons for our decision resulting in the underlying order from the April 25, 2019[,] proceeding, filed April 29, 2019, if [Objectors] intend[] to argue that order and the Court accepts that issue, can likely be found in the original record, the Transcript of

---

[3] Rule 1925(a)(1) states, in relevant part:

> *General rule.* Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall within the period set forth in Pa. R.A.P. 1931(a)(1) file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found….

PA. R.A.P. 1925(a)(1).

> Proceedings of April 25, 2019 [] (unofficial) at approximately pages 55 through 57.

Trial Court's Rule 1925(a) Opinion, 8/2/2019, at 5-6. This Court consolidated the two appeals and, on December 17, 2019, granted Objectors' request for an injunction to enjoin Purchaser from interfering with Objectors' day to-day business operations on the property pending disposition of this matter.

On appeal,[4] Objectors raise two issues. First, they assert that the trial court erred in holding that they were not entitled to notice of the sale from the Tax Claim Bureau. Second, they contend that the trial court erred by dissolving the injunction because, *inter alia*, they were likely to prevail on the merits given the Tax Claim Bureau's failure to provide the notices required by the Real Estate Tax Sale Law.

Purchaser[5] counters that the trial court found that Wecan Transport was the equitable owner. However, the Tax Claim Bureau satisfied the notice requirements of the Real Estate Tax Sale Law by mailing certified and First-Class Mail notices to Aumiller's West, which was the recorded owner of the property. Purchaser contends that because Objectors did not file Rule 1925(b) Statements as ordered by the trial court, they have waived all issues on appeal.

We begin with Purchaser's argument that Objectors have waived all issues on appeal because they did not file Rule 1925(b) Statements. Pennsylvania Rule of Appellate Procedure 1925(b) states, in relevant part, as follows:

---

[4] Our review determines whether the trial court committed an error of law, abused its discretion, or rendered a decision without supporting evidence. *Jenkins v. Fayette County Tax Claim Bureau*, 176 A.3d 1038, 1040 n.2 (Pa. Cmwlth. 2018).

[5] The Tax Claim Bureau adopted, by reference, the arguments set forth in Purchaser's brief. *See* Tax Claim Bureau's Brief at 3.

(b) If the judge entering the order giving rise to the notice of appeal ... desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

\* \* \*

(2) *Time for filing and service.*

(i) The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc.*

PA. R.A.P. 1925(b).

Where a trial court orders the appellant to file a Rule 1925(b) Statement, the appellant "*must* comply in a timely manner." *In re Clinton County Tax Claims Bureau Consolidated Return for Sale of September 24, 2012*, 109 A.3d 331, 334 (Pa. Cmwlth. 2015) (citing *Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 803 (Pa. Super. 2007)) (emphasis in original). Failure to comply with the trial court's order will result in automatic waiver of all issues raised on appeal. In *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005), our Supreme Court held as follows:

[W]e … re-affirm the bright-line rule first set forth in [*Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998),] that "in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a [Rule

8

1925(b) Statement]. Any issues not raised in a [Rule 1925(b) Statement] will be deemed waived."

Notably, waiver is not cured where the trial court chooses to file a Rule 1925(a) opinion in spite of the appellant's failure to file a Rule 1925(b) Statement. *Jenkins*, 176 A.3d at 1042.

The trial court denied Objectors' application for permission to file a late Rule 1925(b) Statement. Objectors did not make this request until after the trial court issued its Rule 1925(a) opinion on August 2, 2019, and after Objectors' appeal was before this Court. As explained by the trial court in its order denying Objectors' request,

> [s]ince there is no practical way for this Court to grant [Objectors] the required time within which to file a [Rule 1925(b) Statement] *and* for this Court to respond to any filing with another Rule 1925(a) [S]tatement by the briefing deadline set by the Commonwealth Court, we see no reason at this late date to grant permission to file a statement.

Trial Court's Order Denying Application for Permission to File Rule 1925(b) Statement, 11/14/2019, at 3 (emphasis in original).

The Rule 1925(b) Statement gives the trial judge the opportunity to address the issues which the appellant plans to raise on appeal and is, therefore, a "crucial component of the appellate process." *Lord*, 719 A.2d at 308. Objectors did not respond to the trial court's June 6 and July 3, 2019, orders directing them to file a Rule 1925(b) Statement. Nevertheless, the trial court opted to file a Rule 1925(a) opinion. In doing so, the trial court had to speculate on the issues Objectors would raise on appeal. *See* Trial Court's Rule 1925(a) Opinion at 6 (indicating that "if [Objectors] *intend*[] *to argue* [the April 29, 2019] *order* and the Court accepts that issue...").

9

Here, Objectors did not seek permission to file a late Rule 1925(b) Statement until shortly before their brief was due in this Court and after they had received several extensions to file their brief. The record is devoid of any evidence showing that Objectors had "good cause" let alone "extraordinary circumstances" that would warrant the filing of an untimely Rule 1925(b) Statement. The trial court held that Objectors did not give the trial court any basis upon which it could grant such relief. *See* PA. R.A.P. 1925(b)(2) (noting that good cause does not include "a lack of diligence"). We discern no error in the trial court's holding.

Because Objectors failed to file a Rule 1925(b) Statement and their request for additional time to file this statement was made too late, they have waived all issues on appeal.

For the foregoing reasons, we affirm the orders of the trial court.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| In Re: York County Tax Claim Bureau : | |
| : | |
| Emeka Kingsley Oguejiofor and : | |
| Wecan Transport Incorporated and : | |
| Konstantinos G. Sgagios : | |
| : No. 838 C.D. 2019 | |
| Appeal of: Emeka Kingsley Oguejiofor : | |
| and Wecan Transport Incorporated : | |

| | |
|---|---|
| In Re: York County Tax Claim Bureau, : | |
| Emeka Kingsley Oguejiofor and : | |
| Wecan Transport Incorporated, and : | |
| Konstantinos G. Sgagios : | |
| : No. 1250 C.D. 2019 | |
| Appeal of: Emeka Kingsley : | |
| Oguejiofor and Wecan Transport : | |
| Incorporated : | |

# **O R D E R**

AND NOW, this 31st day of December, 2020, the orders of the York County Court of Common Pleas dated May 31, 2019 are AFFIRMED. The injunction issued by this Court by order dated December 17, 2019, while this matter was pending is hereby dissolved.

_____
MARY HANNAH LEAVITT, President Judge