IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania      :
     :
     v.      :      No. 301 C.D. 2020
     :      Submitted: February 12, 2021
$2,820.00 Cash, U.S. Currency      :
     :
Appeal of: Keith Barbour      :


BEFORE:      HONORABLE MARY HANNAH LEAVITT, Judge
     HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT      FILED: April 19, 2021


Keith Barbour, *pro se*, appeals an order of the Court of Common Pleas of Berks County (trial court) granting the Commonwealth of Pennsylvania's (Commonwealth) forfeiture petition. The trial court directed that $2,820.00 cash in U.S. Currency, which was seized from Barbour, was to be forfeited to the Commonwealth pursuant to the act commonly referred to as the Controlled Substances Forfeiture Act (Forfeiture Act).[1] The Commonwealth argues that Barbour's appeal should be quashed because he did not timely file his statement of errors complained of on appeal as required by Pennsylvania Rule of Appellate Procedure 1925(b), PA. R.A.P. 1925(b).[2] Concluding that Barbour's 1925(b)

---

[1] 42 Pa. C.S. §§5801-5808.

[2] It states in pertinent part:

> Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court. If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court

statement was not timely filed, we are constrained to find that Barbour has waived all of his issues and quash the appeal.

On May 2, 2019, Barbour pled guilty to possession of methamphetamine, possession of heroin, and providing false identification to law enforcement and was sentenced to incarceration followed by one year of probation. On May 6, 2019, the Commonwealth filed a petition for the forfeiture of $2,820.00 in cash that was seized from Barbour at the time of his arrest. In response, Barbour filed a motion for return of property pursuant to Rule 588 of the Pennsylvania Rules of Criminal Procedure, PA. R. CRIM. P. 588. A hearing was held before the trial court on October 28, 2019.

The Commonwealth presented Officer Matt Cavallo, who testified as follows. In the early morning of June 17, 2017, Cavallo stopped a vehicle in which Barbour was the front seat passenger. Cavallo observed that Barbour had a bulge in each of his pant pockets, one larger than the other. Upon questioning, Barbour removed the larger item and threw it on the dashboard; the item turned out to be $2,820.00 in cash. The smaller item contained heroin and methamphetamine. Barbour told Cavallo that the $2,820.00 cash was rent he had collected. When Cavallo questioned the driver, she contradicted Barbour's story about where they were coming from and what they were doing.

The Commonwealth also presented Barbour's guilty plea. Therein, Barbour admitted that he possessed heroin and methamphetamine on June 17, 2017.

Barbour testified that the $2,820.00 in cash belonged to his son's mother, who gave it to him to purchase a vehicle for her. Barbour requested a

---

and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

PA. R.A.P. 1925(b).

2

continuance from the trial court so that he could ask her to testify as a witness; the trial court refused to grant the continuance.

The trial court granted the Commonwealth's forfeiture petition. On November 21, 2019, Barbour appealed to the Superior Court. On December 2, 2019, the trial court issued an order directing Barbour to file a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), within 21 days. The order advised that any alleged error not included in the 1925(b) statement would be deemed waived. The Superior Court transferred the case to this Court on February 11, 2020.

On March 9, 2020, the trial court issued an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a)(1), PA. R.A.P. 1925(a)(1). The opinion stated that because Barbour did not file and serve a 1925(b) statement upon the trial court, all appellate issues were waived. Alternatively, the trial court explained its rationale for granting the forfeiture petition. The trial court stated that it credited Officer Cavallo's testimony over Barbour's and found "the Commonwealth met its burden and [Barbour] failed to establish that the cash was lawfully obtained." Trial Court 1925(a) op. at 3.

On appeal to this Court, Barbour raises two issues. First, he argues that the trial court erred in denying his request for a continuance of the October 28, 2019, hearing to notify "the proper owner" of the seized cash, *i.e.*, his son's mother. Barbour Brief at 6. In doing so, Barbour claims that the trial court and the Commonwealth failed to provide the owner of the property with notice and the opportunity to be heard. Second, he contends that the trial court erred in granting the forfeiture petition because the Commonwealth did not establish a nexus between the seized cash and the criminal drug offense.

3

On July 31, 2020, in response to the trial court's 1925(a) opinion, Barbour filed a "rebuttal reply."[3]  In his reply, Barbour asserts that he did in fact file the 1925(b) statement as directed.  In support, Barbour attaches a prison cash slip showing that Barbour requested a payment of postage on February 10, 2020, for "court copy 1925(b) statement."  Barbour Rebuttal Reply, at 5.  On September 28, 2020, Barbour filed a motion to stay the appeal and "order a remand for [him] to serve and resubmit an amended [p]roof of [s]ervice relative to this 1925(b) filing."  Motion for Stay, at 3.  By order of October 21, 2020, this Court ordered that Barbour's motion for stay be decided with the merits of this appeal.

The Commonwealth responds that Barbour has waived all issues raised in this appeal by failing to file a timely 1925(b) statement.  Alternatively, it argues that it met its burden of establishing a nexus between the seized cash and the illegal possession of heroin and methamphetamine.  The trial court did not credit Barbour's testimony that the cash belonged to his son's mother, which was inconsistent with the explanation that he gave to Officer Cavallo during the traffic stop.

The "prisoner mailbox rule" provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing.  *Pettibone v. Pennsylvania Board of Probation and Parole*, 782 A.2d 605, 607 (Pa. Cmwlth. 2001).  A prison cash slip indicating a deduction of the cost of postage may be used as evidence to establish the date of mailing.  *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997).  Here, the cash slip shows that Barbour made a request for the

---

[3] On August 7, 2020, this Court issued an order stating that the "rebuttal reply" did not conform to the requirements of the Pennsylvania Rules of Appellate Procedure and directed Barbour to file an amended brief.  Barbour filed a motion for reconsideration stating that the "rebuttal reply" was not a brief but, rather, a response to the trial court's proposition that he did not file the 1925(b) statement. This Court granted Barbour's motion to reconsider on September 15, 2020, and vacated the August 7, 2020, order.

payment of postage on February 10, 2020, for "court copy 1925(b) statement." However, the trial court directed Barbour to file his 1925(b) statement within 21 days, *i.e.*, by December 23, 2019. Therefore, Barbour's cash slip of February 10, 2020, for the "1925(b) statement" shows that his filing was untimely.

Our Supreme Court requires strict adherence to the requirement that an appellant timely comply with a trial court's order to file a statement of errors complained of on appeal pursuant to PA. R.A.P. 1925. *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005). Failure to comply with the trial court's order will result in waiver of all issues raised on appeal, and "[w]aiver is not cured by the trial court's filing of a Rule 1925(a) opinion addressing the merits of the issues on appeal." *Jenkins v. Fayette County Tax Claim Bureau*, 176 A.3d 1038, 1042 (Pa. Cmwlth. 2018).

Pennsylvania Rule of Appellate Procedure 1925(c)(2) provides for a limited exception if an appellant can show good cause for noncompliance. PA. R.A.P. 1925(c)(2).[4] The exception does not apply here because Barbour did not give any reason for not timely filing his 1925(b) statement.

We quash Barbour's appeal because no issues have been preserved. For the same reason, we deny Barbour's motion for a stay and remand to the trial court.

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[4] It provides in pertinent part:

> (2)  Upon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing *nunc pro tunc* of a Statement or for amendment or supplementation of a timely filed and served Statement and for a concurrent supplemental opinion. If an appellant has a statutory or rule-based right to counsel, good cause shown includes a failure by counsel to file a Statement timely or at all.

PA. R.A.P. 1925(c)(2).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 301 C.D. 2020 |
| | : | |
| $2,820.00 Cash, U.S. Currency | : | |
| | : | |
| Appeal of: Keith Barbour | : | |

# **O R D E R**

AND NOW, this 19th day of April, 2021, Keith Barbour's appeal pertaining to the order of the Court of Common Pleas of Berks County, dated October 28, 2019, in the above-captioned matter, is QUASHED.

Keith Barbour's motion to stay and remand, filed on September 28, 2020, is DENIED.

_____
MARY HANNAH LEAVITT, President Judge Emerita