# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 219 C.D. 2020 |
| | : | SUBMITTED: February 5, 2021 |
| Todd Elliott Koger, | : | |
| Appellant | : | |

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  April 27, 2021**


Todd Elliott Koger, *pro se*, appeals from an order of the Court of Common Pleas of Allegheny County denying his summary appeal and finding him guilty of failing to maintain his property in accordance with the 1998 International Property Maintenance Code.[1]   On appeal, Koger claims that he is not guilty of violating the Code because he is not the owner of the property.  The trial court opined that Koger has waived all issues before this Court because he failed to file a concise statement of errors complained of on appeal, in accordance with Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b) [Rule 1925(b)].  Trial Court 1925(a) Op. dated 6/9/2020, at 1.  On August 6, 2020, based on the trial court's opinion, we ordered the parties to address the issue of waiver in their principal briefs on the merits or other appropriate motion.  For the following reasons, we conclude that Koger has waived all issues on appeal and affirm the trial court's order.

---

[1] Borough of Wilkinsburg, Pa., Prop. Maint. Code pt. II, ch. 200, art. II, §§ 200-5 – 200-9 (adopted Mar. 7, 2001), *available at* ecode360.com/8423234 (last visited Apr. 21, 2021).

Briefly, and by way of background, on January 19, 2018, the Borough of Wilkinsburg issued Koger a notice of violation that his property, located at 515 Kelly Avenue in Pittsburgh, Pennsylvania, was noncompliant with several sections of the Code. Original Record (O.R.), Item No. 2 at 2. Specifically, the porch decking was collapsing; the porch roof was not structurally sound; and the garage was corroding and collapsing. *Id.* Ultimately, Koger was cited for failing to correct the Code violations and was fined $100, plus court costs, by a magisterial district judge.

Koger appealed to the trial court, and a bench trial was held on January 21, 2020. The Commonwealth presented the testimony of Marva Lamar-Spann, a code enforcement officer for the Borough. She identified Koger as the owner of the property. Hearing Transcript (H.T.) at 3. She explained that she inspected the exterior of the property in 2018, and described its dilapidated condition, reiterating the claims made in the notice of violation. *Id.* at 4-5. She testified that she returned to the property on January 20, 2020, to see if any repairs had been made. *Id.* at 6. She advised that no repairs had been made and submitted several photographs taken that day in support of her claim. *See id.* at 6-7; *see also* Trial Court Exs.

Koger, *pro se*, cross-examined Lamar-Spann. He asked her about a property inspection by the Borough that occurred in 2017. She stated that in 2017, she and another code enforcement officer inspected the property and Koger was cited for Code violations. However, at the magisterial hearing, she was the sole code enforcement officer present. The magistrate refused to accept her evidence because she did not personally take the photographs establishing the property violations and was not in charge of the inspection. H.T. at 9. As such, the magistrate found in favor of Koger and dismissed the case. Lamar-Spann then inspected the property again in 2018 and cited Koger for the violations currently at issue.

Koger testified that he is not the owner of the property; rather, he claimed that the property is owned by his son, Todd Elliott Koger, Jr. *Id*. at 12. Koger asserted, "[t]hey want to insist for 20 years that I am the owner of the property." *Id.* Koger stated, "you guys prefer to come after me to prevent [my son] from getting a mortgage on the property so [my son] can correct this." *Id.* As a result, Koger claimed, "the mortgage company will not issue the mortgage [to my son] because they keep saying I'm the owner." *Id.* at 13.

Koger further claimed to have documentation that his son has been the owner of the property for 20 years. *Id*. at 12. Counsel for the Commonwealth stated that Koger has not provided him with any documentation and that he would object to it on hearsay grounds. Counsel asserted that Koger's statements "are utterly incredible[,]" and that the citations were based on public records identifying Koger, the one who has responded to the citations, as the owner of the property. *Id.* at 13-14.

The trial court adjudged Koger guilty and imposed a $100 fine, plus court costs. Koger then asked the trial court to accept his documentation. The trial court did not respond and concluded the hearing. *Id*. at 16.[2]

Koger appealed to this Court on February 19, 2020, and on February 28, 2020, the trial court ordered Koger to file a concise statement of errors complained of on appeal within twenty-one days in accordance with Rule 1925(b).[3]

---

[2] Koger filed a post-trial motion, which the trial court denied by order dated February 13, 2020. O.R., Item No. 1; Docket Entries at 3.

[3] In its opinion filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), the trial court advised that due to a judicial emergency, time calculations and deadlines were suspended by the Pennsylvania Supreme Court from March 16, 2020, through June 1, 2020. *See* Trial Court 1925(a) Op. dated 6/9/2020, at 1, n.1. Therefore, the trial court observed that Koger had until June 5, 2020, to file a Rule 1925(b) statement. *Id.*

O.R., Item No. 10 at 1. The trial court warned that "failure to file a 1925[](b) [s]tatement will result in a waiver of all appellate claims." *Id.* at 2. To date, Koger has not filed a Rule 1925(b) statement.

The trial court issued an opinion on June 9, 2020, pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), in which it opined that Koger has waived all issues before this Court because he failed to file a concise statement of errors complained of on appeal in accordance with Rule 1925(b). The trial court further opined, in the alternative, that even if the issues were not waived, the testimony and other evidence presented at the hearing established that Koger violated the Code and had not, as of the day immediately prior to the hearing, abated the violations. Trial Court 1925(a) Op. dated 6/9/2020, at 2.

In his brief to this Court, Koger claims that he requested a transcript of the proceedings before the trial court, but never received it, and that without the transcript, he could not file a Rule 1925(b) statement. He states that he needed the transcript to show that the trial court refused to accept his documentation[4] showing that he did not own the property and further failed to consider the "previous decision"[5] dismissing the earlier matter. He asks that the trial court's verdict be vacated with prejudice.

The Commonwealth responds that Koger's failure to file a Rule 1925(b) statement results in a waiver of all appellate issues, and therefore, his appeal should be dismissed. Alternatively, the Commonwealth contends, Koger's claim

---

[4] Koger provides a one-page document dated October 22, 1999, and captioned, "Addendum to the Sales Contract." Koger Brief, App. at A-2. It lists "Todd Elliott Koger, Jr." as the individual submitting an offer to purchase the property, and then lists the purchaser's name as "Todd Elliott Koger." *Id.*

[5] *See* Koger's Brief at 5 (referencing a "previous decision," which, presumably, is referring to the 2017 hearing before the magistrate).

that he does not own the property is disingenuous, as he has appeared at both the 2017 and 2018 property maintenance violation proceedings, not his son.

We begin with a review of Rule 1925(b)(2), which states, in pertinent part:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.** If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> . . . .
>
> > (2) *Time for filing and service.*
> >
> > > (i) The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.
> >
> > > (ii) *If a party has ordered but not received a transcript necessary to develop the Statement, that party may request an extension of the deadline to file the Statement* until 21 days following the date of entry on the docket of the transcript in accordance with Pa.R.A.P. 1922(b). The party must attach the transcript purchase order to the motion for the extension. If the motion is filed at least five days before the Statement is due but the trial

5

court does not rule on the motion prior to the original due date, the motion will be deemed to have been granted.

Pa.R.A.P. 1925(b)(2) (bold and italicized emphasis added). The Pennsylvania Supreme Court has held that when a trial court orders an appellant to file a Rule 1925(b) statement, the appellant must comply. *Com. v. Castillo*, 888 A.2d 775, 780 (Pa. 2005). "Failure to comply with the order's directive will result in waiver of all issues raised on appeal." *In re Clinton Cnty. Tax Claims Bureau Consol. Return for Sale of Sept. 24, 2012*, 109 A.3d 331, 334 (Pa. Cmwlth. 2015).

Koger contends that he had good cause for not complying with the trial court's order directing him to file a Rule 1925(b) statement because he was unable to obtain the transcript in a timely manner. Rule 1925(b)(2)(i) states that delay in the production of a transcript may constitute good cause if the delay is not attributable to a lack of diligence of the appellant in ordering or paying for the transcript. However, Rule 1925(b)(2)(ii) advises a party that has not received a transcript to request an extension of the deadline to file a statement with the trial court and attach the transcript purchase order to the motion for the extension. Here, Koger did not petition the trial court for an extension of time to file a Rule 1925(b) statement.

In *Jenkins v. Fayette County Tax Claim Bureau*, 176 A.3d 1038 (Pa. Cmwlth. 2018), the purchaser of property appealed a trial court order setting aside the upset tax sale of the property. The delinquent taxpayer claimed that the purchaser had waived all issues complained of on appeal because the purchaser's Rule 1925(b) statement was untimely.[6] The purchaser argued that he had good cause for the untimely filing because he was waiting for the transcript of the hearing.

---

[6] The statement was four days late.

This Court rejected the purchaser's argument. We explained that "[t]he 21-day period may be enlarged to account for a delay in obtaining a transcript, but the [purchaser] must request an enlargement of time from the trial court." *Id.* at 1042-43. The purchaser did not seek an extension of time before the trial court "and he did not raise the issue of good cause until [his appeal to this Court]." *Id.* at 1043. As such, we held that the purchaser's Rule 1925(b) statement was "too late" and that he therefore "waived all issues on appeal." *Id.*

Similar to the purchaser in *Jenkins*, Koger did not request an enlargement of time from the trial court based on a delay in obtaining the transcript. Instead, he ignored the trial court's order to file a Rule 1925(b) statement. It was not until he appealed to this Court that he claimed to have good cause for failing to comply. As such, like in *Jenkins*, we hold that Koger has not established good cause for failing to file his Rule 1925(b) statement and has, therefore, waived all issues on appeal.

Accordingly, for the above-stated reasons, we affirm the trial court's order.

 

_____

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
                           :
         v.              :    No. 219 C.D. 2020
                            :
Todd Elliott Koger,            :
             Appellant    :

# O R D E R

AND NOW, this 27th day of April, 2021, the order of the Court of Common Pleas of Allegheny County, dated January 21, 2020, is hereby AFFIRMED.

<br>

                        _____

                        **BONNIE BRIGANCE LEADBETTER,**
                        President Judge Emerita