# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Consolidated Return of Sale : 
of Properties for Delinquent Taxes : 
by the Fayette County Tax Claim : 
Bureau October 19, 2020 : 
                              : No. 308 C.D. 2021
Edward J. Berry and Karen A. : SUBMITTED: October 21, 2021
Berry, his wife : 
                              : 
               v. : 
                              : 
Fayette County, Tax Claim Bureau : 
                              : 
Appeal of: Seneca Leandro View, LLC : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
               HONORABLE J. ANDREW CROMPTON, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED: November 16, 2021**

Seneca Leandro View, LLC, the Buyer of Edward J. and Karen A. Berry's (Owners) property in Smithfield Borough, Fayette County, appeals from the order of the Court of Common Pleas of Fayette County granting the Owners' petition to set aside and void the tax sale of their property. The Fayette County Tax Claim Bureau joins in the Buyer's Brief. We affirm.

The Owners were stipulated to be both owners and occupants.[1] The trial court found, pursuant to the stipulation of the parties, that the Fayette County Tax Claim Bureau did not personally serve the Owners with notice of the tax sale.

---

[1] Certified mail service of the sale was sent to the Owners' post office box (there is no mail service at the property) but was returned unclaimed.

Additionally, the trial court found that the Owners did not have actual notice of the tax sale.[2]

On appeal, the Buyer contends that trial court erred in finding that the Owners did not have actual notice of the tax sale "despite evidence to the contrary and in light of the personal service limitations brought about by the COVID-19 pandemic." (Buyer's Br. at 2.) Because personal service was required, we find the Buyer's argument to be irrelevant.

Section 601(a)(3) of the Real Estate Tax Sale Law,[3] 72 P.S. § 5860.601(a)(3), provides that where owner-occupied property is at issue, notice described in Section 602 of the Law, 72 P.S. § 5860.602, must be personally served upon an owner-occupant at least ten days prior to the date of the actual sale by sheriff. The requirements found in Section 601(a)(3) are cumulative and apply in addition to those found in Section 602. *Consol. Reports and Return by the Tax Claim Bureau of Northumberland Cnty. of Props. (Appeal of Neff)*, 132 A.3d 637, 645 (Pa. Cmwlth. 2016). Further, actual notice does not provide grounds to waive strict compliance with Section 601(a)(3)'s personal service requirement. *Id.* at 646. Consequently, "unless a taxing bureau obtains an order waiving the personal service requirement for good cause shown, its failure to comply with [S]ection 601(a)(3) of the [Law] will render a tax sale invalid." *Gutierrez v. Washington Cnty. Tax Claim Bureau and Bigger and Better Rental, LLC*, ___ A.3d ___ (Pa. Cmwlth., No. 430 C.D. 2020, filed June 10, 2021)

---

[2] The determination of lack of actual knowledge was based upon the finding that Mrs. Berry had seen the posted notice and made a partial payment of the 2018 taxes owed through the website used by the Bureau to receive such payments and believed that her payment was sufficient to avoid the sale (the sale of the property was conducted because of a remaining deficiency of about $150). We need not address whether this circumstance abrogates actual notice, since actual notice does not matter to our disposition of the case.

[3] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.601(a)(3).

[quoting *Montgomery Cnty. Tax Claim Bureau v. Queenan*, 108 A.3d 947, 952 (Pa. Cmwlth. 2015)].

With regard to the Buyer's argument that the COVID-19 pandemic justified the Bureau's failure to effect personal service, we agree with the Owners that the issue has been waived for failure to raise it previously and that difficulties encountered by the Bureau resulting from COVID-19 are not supported in the record.[4] Nevertheless, even if the issue were not waived, if the pandemic was indeed a factor that somehow prevented personal service, the proper way to proceed would have been for the Bureau to petition for a waiver or postpone the sale, not to wholly ignore the statutory requirement.[5]

In light of the foregoing, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[4] Counsel for the Bureau explained to the trial court that the reason for lack of personal service was as follows:

> As an owner-occupied property, we are obligated to serve [the Owners] by sheriff and personal service. We have not done so in this case due to the volume of cases that we have, and we often times don't know ahead of time whether or not it's owner-occupied. In particular [in] this case, the family uses a PO Box because they don't have mail service directly at their home, so we did not know that it was owner-occupied.

(Notes of Testimony at 5; Reproduced Record at 68a.)

[5] Finally, not listed as an issue, but briefly argued, is the Buyer's allegation of bias by the trial court. The Buyer suggests that the trial court demonstrated bias against it by quoting this Court's statement that the Law "assists in the collection of taxes and is not intended to create investment opportunities for others," *Jenkins v. Fayette Cnty. Tax Claim Bureau*, 176 A.3d 1038, 1043 (Pa. Cmwlth. 2018). The Buyer also notes that the appeal in *Jenkins* emanated from the same trial court (albeit from a different judge). We see no evidence, as the Buyer suggests, that its status as a potential investor "directly and negatively influenced the [t]rial [c]ourt's ruling," (Buyer's Br. at 14)—the legally operative facts were stipulated and the result dictated by law.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Consolidated Return of Sale of Properties for Delinquent Taxes by the Fayette County Tax Claim Bureau October 19, 2020 | : : : : : | No. 308 C.D. 2021 |
| Edward J. Berry and Karen A. Berry, his wife | : : : | |
| v. | : : | |
| Fayette County, Tax Claim Bureau | : : | |
| Appeal of: Seneca Leandro View, LLC | : | |

# **O R D E R**

AND NOW, this 16th day of November, 2021, the order of the Court of Common Pleas of Fayette County in the above-captioned matter is AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita